ROBERT WAGGENER - SBN: 118450
LAW OFFICE OF ROBERT WAGGENER
214 Duboce Avenue
San Francisco, California 94103
Phone:       (415) 431-4500
Fax:          (415) 255-8631
E-Mail:      rwlaw@mindspring.com

Attorney for Defendant DRAY MOSBY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| Plaintiff, | No.  CR 17-00389 RS |
| v. | **DEFENDANT DRAY MOSBY'S OPPOSITION TO UNITED STATES' MOTION FOR FORFEITURE OF BOND AND JUDGMENT AGAINST DEFENDANT** |
| DRAY MOSBY, | |
| Defendant. | Date:   May 7, 2019 |
| | Time:  2:30 p.m. |
| _____/ | Crtrm: Honorable Judge Richard Seeborg |

TO:    THE UNITED STATES ATTORNEY FOR THE NORTHERN DISTRICT OF
       CALIFORNIA; ASSISTANT UNITED STATES ATTORNEY CHRISTOPHER
       VIEIRA; AND TO THE CLERK OF THE ABOVE-ENTITLED COURT:

**INTRODUCTION**

Defendant Dray Mosby hereby responds to the United States Notice of Motion and

Motion for Forfeiture of Bond and Judgment Against the Defendant filed on March 12, 2019,

Dkt. No, 127.  Defendant Mosby opposes the motion and urges the Court to remit the bond in

whole or in part, or at least refrain from entering any judgment until after further consideration

and when the defendant completes his lengthy sentence.

1
2

## **FACTUAL BACKGROUND**

3

_____Mr. Mosby was indicted on a narcotic charge, distribution of methamphetamine,  on July

4

20, 2017. Dkt. No. 1. Mr. Mosby was arrested and made his first appearance before Magistrate

5

Judge Sallie Kim on November 26, 2017 and was remanded in to custody.  Dkt. No. 27.  The

6

record in this case, including the anticipated final Presentence Report (PSR), makes clear that

7

Mr. Mosby has suffered from years of drug addiction.

8

On December 4, 2017, Magistrate Judge Kim released Mr. Mosby to a residential drug

9

facility and set numerous conditions for his release, including signing a $25,0000 unsecured

10

personal recognizance bond.  Dkt. No. 42.  Mr. Mosby first went to the Newbridge residential

11

drug treatment facility in Berkeley, but was later transferred to the Center point residential

12

facility in San Rafael.  Mr. Mosby successfully completed the 90 days of residential treatment,

13

and then as part of his aftercare was released to a sober living environment (SLE).  Mr. Mosby

14

left the SLE on March 25, 2019 and did not return.  Thereafter, Mr. Mosby failed to appear for

15

court status hearings on May 22, 2018 and June 12, 2018.  An arrest warrant was issued for Mr.

16

Mosby and he remained a fugitive until June 26, 2018, when he was arrested by U.S. Marshals in

17

the Tenderloin district of San Francisco, two blocks from the federal courthouse.

18
19

Mr. Mosby appeared again before Magistrate Judge Kim on June 27, 2018, and has

20

remained in custody every since.  See Dkt. No 85.  Defendant Mosby entered an open plea of

21

guilty to the sole narcotic charge on January 4, 2019, and is scheduled to be sentenced on May 7,

22

2019.  The government, apparently due to some change in policy in the United States Attorneys

23

Office, is now moving for forfeiture of the $25,000 personal recognizance bond signed by Mr.

24

Mosby in December of 2017.  As the PSR will amply demonstrate, Mr. Mosby is indigent and

25

penniless.

26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

### Legal Standard

With the government motion for forfeiture of the bond in this case, Mr. Mosby is requesting that the forfeiture be set aside and remitted. "The court must declare the bail forfeited if a condition of the bond is breached." Fed, R. Crim. Proc. 46(f)(1). " The forfeiture is thus mandatory." *United States v. Nguyen*, 279 F.3d 1112,1115 (9th Cir. 2002). As recognized by the *Nguyen* court, "the law on bail forfeiture is neither complex nor voluminous." *Id*. Just recently within this district, the Honorable District Court Judge Susan Illston addressed the issue of a bail forfeiture motion by the government, and summarized the applicable law. Judge Illston's summary of the law is basically quoted in the below two paragraphs, and her written decision in the case of *United States v. Yingling*, Case No. CR 17-00388 SI, is attached hereto as Exhibit A. In the *Yingling* case Judge Illston set aside the bond forfeiture as to the surety, the defendant's mother, and found that the bond was forfeit as to the defendant, but refrained from entering judgment until the government petitioned for entry of judgment at the completion of the defendant's sentence.

The Court may "set aside in whole or in part a bail forfeiture upon any condition the court may impose if: (A) the surety later surrenders into custody the person released on the surety's appearance bond; or (B) it appears that justice does not require bail forfeiture." Fed. R. Crim. Proc. 46(f)(2). The decision whether to set aside or remit a forfeiture rests within the sound discretion of the Court. *United States v. Frias-Ramirez,* 670 F.2d 849, 852 (9th Cir. 1982).

In considering whether to exercise that discretion, the Ninth Circuit directs courts to examine the following non-exclusive list of factors: "1) the defendant's willfulness in breaching a release condition; 2) the sureties' participation in apprehending the defendant; 3) the cost,

inconvenience, and prejudice suffered by the government; 4) mitigating factors; 5) whether the surety is a professional or a member of the family or a friend; and 6) the appropriateness of the amount of the bond." *Nguyen*, 279 F.3d at 1115-16. Courts in this district have considered additional factors including: 7) "whether actions by the government, unknown to the surety, increased the risk that the defendant would violate the terms and conditions of his release," and 8) "whether the surety assisted, played any role in, or was in some measure responsible for the conduct by the defendant that breached the release condition." See *United States v. Famiglietti*, 548 F.Supp 2d 398, 405(S.D. Tex. 2008) (applying Ninth Circuit law); *United States v. Villalobos*, No. CR 00-40242, 205 U.S. Dist. LEXIS 46440, 2005 WL 6127290, at *2(ND. Cal. Feb 17, 2005) (Brazil M.J.). "[T]he relative weight the courts may ascribe to the acknowledged factors can vary from case to case and ... in some circumstances one or two factors might pay a determinative role, even if all the other factors seemingly point toward a different outcome." *Famiglietti*, 548 F. Supp 2d at 406. The Court is also guided by the overriding purposes of the Bail Reform Act;; ensuring the defendant's appearance in court and observance of the release condition. *United States v. Vaccaro*. 51 F.3d 189, 192-93 (9th Cir. 1995).

## ANALYSIS

Using the recent decision by Judge Illston as a guide, defendant Mosby addresses the various analytical factors as to the Court's discretion in enforcing the bond forfeiture for Mr. Mosby, recognizing that the list of factors is non-exclusive.

**Willfulness**: Mr. Mosby breached the conditions of his pretrial release by leaving the SLE and being arrested in the Tenderloin in possession of contraband.

**Cost/Inconvenience/Prejudice to Government**: The defendant was a fugitive for approximately three months and was arrested two blocks from the federal courthouse. The

government maintains that the defendant's breaches of his release obligations were serious and severe. Let us be clear what happened here. Mr. Mosby left a Marin County sober living environment, and returned to the streets of the Tenderloin where he had been surviving for the last several years. Mr. Mosby is a drug addict, and he relapsed and returned to an environment he knew. He was homeless and living where he knew he could get by day to day. He did not leave the jurisdiction, he did not hurt anybody, and he was living in the pocket of poverty adjacent to the courthouse.

The government claim that time and resources were wasted and depleted in triggering a fugitive hunt, and the impact of forcing the Court to vacate Mr. Mosby's trial date. When Mr. Mosby missed his court dates, he was the only active defendant remaining in the case. The other two defendants had either been referred to the CAP program or were awaiting sentencing. There was very little inconvenience to the Court. Pretrial motions had not been filed and no jury had been impaneled. The government has made no showing as to costs associated with chasing down Mr. Mosby, or any active investigation as to his whereabouts by the U.S. Marshal or any other agency. Sure, the government has no obligation to furnish a bill of costs, but let's be realistic, Marshals spotted Mr. Mosby two blocks from the courthouse and took him in to custody without incident. There was no manhunt, no pursuit, no weapons, and no violence. Assessing penniless, homeless, drug addicted Mr. Mosby $25,000.00 is entirely disproportionate to the breach of trust involved in this case, and is submitted to be relatively mean spirited.

**Mitigating Factors**: Within the criminal justice system we are all familiar with the concept of relapse, and the perils and pitfalls of drug addiction. It is not approved or accepted, but it is a known and established part of what is a very hard process of kicking a drug habit. To his credit, Mr. Mosby completed the three month residential treatment program at Center, but he failed to follow through. He has paid the price with his freedom, and he has now spent nearly a

- 5 -

years time in the very unpleasant confines of North County Jail in Oakland. When out of custody,

Mr. Mosby lives a hand to mouth existence. He has no assets, and he relies on the charity of

others to get by. A $25,000 bond obligation amounts to a debilitating economic hardship when he

is released and reenters society when he will be nearly sixty years old. Under the present

circumstances, the Court is urged to exercise its discretion and remit the bond forfeiture in this

case. At a minimum, like Judge Illston ruled in the *Yingling* case, in the pursuit of justice the

Court should refrain from entering judgment until Mr. Mosby completes what will be at least a

five year mandatory minimum sentence.

## CONCLUSION

For all of the foregoing reasons, the Court should rule on the government's bond

forfeiture motion in the manner suggested above.


Dated: April 23, 2019.                                    Respectfully submitted,


                                                          /s/ Robert Waggener
                                                          Robert Waggener
                                                          Attorney for Defendant
                                                          DRAY MOSBY